IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN BROWN, Plaintiff, | § § § § § § § | CIVIL ACTION NO. Jury Trial Demanded |
| vs. | | |
| PROCOLLECT, INC., Defendant. | | |

## COMPLAINT AND JURY DEMAND

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Ellis, and City Glenn Heights.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant ProCollect, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

1

7.	Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.	Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

9.	Plaintiff's obligation, or alleged obligation, arises from transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, emergency medical services.

10.	Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due, another.

11.	In connection with the collection of a debt, Defendant sent Plaintiff written correspondence dated June 12, 2015 for account #11700-001-1979413 ("Account 1979413").

12.	A true and correct copy of the Account 1979413 Letter is attached to this complaint as Exhibit A.

13.	Defendant's Account 1979413 Letter identified the original balance as $0.00 from original creditor, Physicians Emergency Care A. *Id.*

14.	Defendant's Account 1979413 Letter also identified a collection fee of $7.50 with a total balance of $7.50 due on July 25, 2015. *Id.*

15.	In connection with the collection of another debt, Defendant sent Plaintiff an initial written correspondence dated June 12, 2015 for account #11700-001-2017490 ("Account 2017490").

16.	A true and correct copy of the Account 2017490 Letter is attached to this complaint as Exhibit B.

17. Defendant's Account 2017490 Letter identified the original balance as $0.00 from original creditor, Physicians Emergency Care A. *Id.*

18. Defendant's Account 1979413 Letter also identified a collection fee of $7.50 with a total balance of $7.50 due on July 25, 2015. *Id.*

19. On June 23, 2015, at approximately 9:05 A.M., Plaintiff contacted Defendant to inquire about the debts, and spoke with Defendant's representative, Ms. York, the collections supervisor, who confirmed that the accounts were both at a zero balance and that Plaintiff did not owe the debts.

20. The letters falsely represented that Plaintiff owed money on the debts.

21. The letters were also misleading and confusing, where they state that the balance would be reduced by 50% if Plaintiff paid $7.50.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

22. Plaintiff repeats and re-alleges each and every factual allegation above.

23. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt referenced by Account 1979413.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages per alleged debt, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the alleged debt referenced by Account 1979413.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27.     Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the alleged debt referenced by Account 1979413 or by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28.     Plaintiff repeats and re-alleges each and every factual allegation above.

29.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt referenced by Account 2017490.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages per alleged debt, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the alleged debt referenced by Account 2017490.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f(1)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the alleged debt referenced by Account 2017490 or by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 23, 2015

Respectfully submitted,

*/s/ R.S. Thompson*

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   602-388-8898
Facsimile:    866-317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8875
Facsimile: 866-317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff